## Robert E. M. Cowie et al. v. William J. Kinser.

### Gen. No. 13,548.

1. VERDICT—*when not disturbed as against the evidence.* The probative force of the evidence is primarily for the determination of the jury and where the Appellate Court is unable to say, from the evidence in the record, that the verdict is contrary to its weight, it is not authorized to disturb the same.

2. INSTRUCTIONS—*must not pertain to immaterial issues.* Instructions are erroneous and ground for reversal where they call upon the jury to determine matters immaterial to the issues and are calculated to mislead.

3. INSTRUCTIONS—*must be confined to questions of fact.* Instructions are erroneous which submit to the jury the determination of questions of law.

Assumpsit. Appeal from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in this court at the March term, 1907. Affirmed. Opinion filed December 23, 1907.

ZEISLER, FARSON & FRIEDMAN, for appellants.

J. A. BLOOMINGSTON, for appellee.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

The action here is *assumpsit*. The claim is for the purchase price of forty-one shares of stock in the Porter Coinometer Company, which William J. Kinser bought in November, 1902. The money was paid to appellants, who claimed to own the stock. The price of the stock was $1,250. On November 10, 1902, appellee paid $600 and Cowie executed in his own name and that of the other appellants a receipt reading: "Chicago, Ills., November 10, 1902. Received of Mr. William J. Kinser of the city of Chicago, Illinois, the sum of Six hundred dollars * * * being part payment on a total of one thousand two hundred and fifty * * * dollars, the balance of which is to be paid on or before January 10, 1903, in consideration of which we are to turn over to said William J. Kinser forty-one * * * shares of the capital stock of the Porter Coinometer Company, which is capitalized at $25,000. Robert E. M. Cowie for Robert E. M. Cowie, C. H. Bohanon, O. J. Friedman, owners of 167 shares of the P. C. Co." The remaining $650 was paid in two instalments, $600 January 10, 1903, and $50 February 14, 1903; Mr. Cowie acknowledging the receipt of the $600 check, after reminding Kinser that $50 was still due, wrote: "The stock will be transferred to you as soon as Mr. Bohanon returns from Mexico."

Appellee frequently demanded delivery of stock to him and wrote several letters to appellants demanding the stock, and at one time threatened suit to recover the purchase price unless delivery was made. Negotiations were also made looking to a settlement, and an offer made by appellee to accept $1,000 in settlement. This offer was not accepted, for the reason assigned by appellants that they were "hard up." On Novem-

Cowie v. Kinser.

ber 21, 1904, appellee and his attorney, Merritt W. Pinckney, since elected a judge of the Circuit Court, made a demand upon Cowie and Bohanon for the forty-one shares of stock, which they promised to deliver the next day to Judge Pinckney at his office. These facts were testified to by appellee and his attorney, but Cowie denied the promise to deliver. On the trial the learned judge asked appellants' counsel if his clients were ready to deliver the stock, and he replied they were not, and would not deliver it. A demand for a return of the money paid was likewise made before suit was commenced. Various pretenses were resorted to by appellants in an attempt to excuse their conduct in failing to deliver the stock, one of which was an agreement by parol contrary to the one set out in the receipt of November 10, 1902. A trial before the court with a jury resulted in a verdict of $1,348.90, upon which judgment was entered.

Appellants urge in argument, as their principal reasons why this court should reverse the judgment of the trial court, that the weight of the evidence is against the contention of appellee, and that the court erred in failing to give the fourth and fifth instructions proffered by appellants.

The probative force of the evidence is primarily for the determination of the jury, and where we are unable to say, from the evidence in the record, that the verdict is contrary to the weight of evidence, we are not authorized to disturb it. The jury saw the witnesses and observed their conduct while upon the witness stand, their manner of testifying, their apparent bias or prejudice, if any was disclosed, their frankness and honesty, or lack of either, if apparent, and were therefore better able to judge than we where credence should be accorded and as to which of the witnesses were most worthy of belief—opportunities not available to a court of review. A careful perusal of the evidence satisfies us that the contentions of appellee find ample support in the proof. He bought the forty-

one shares of stock in the Porter Coinometer Company, which appellants in writing represented they owned, and paid to them the agreed price. The stock was represented as their own, and they agreed to assign and deliver certificates representing the forty-one shares. It is not a case of sale of treasury stock, or any other stock, or a subscription to the stock of the corporation, but for stock which appellants claimed to own, and in faith and reliance upon which representation appellee parted with $1,250, which appellants received. In writing and verbally, appellants promised to deliver the stock, and to Judge Pinckney set the day when the promise should be fulfilled.

The arguments and citation of authorities by appellants are pointless as applied to these facts. Appellee was clearly entitled to either one of two things—to have the money paid refunded or the stock bargained and paid for assigned and delivered. Whatever may be the law on the subject of what certificates of stock are evidence of, is beside the question here. Appellee had no dealings with the corporation; there is no privity of contract between them. The corporation is under no obligation whatever to appellee in relation to the forty-one shares of stock. His contract is with appellants, and to appellants only can he look for redress. If the corporation owed appellee the stock, the authorities cited by counsel for appellants would have some application, but in the situation of the parties to this bargain and sale they are not applicable.

There is no harmful error in the rulings of the court, either in the admission or rejection of evidence complained about, prejudicially affecting the rights of appellants.

We think the court properly refused to give the fourth and fifth instructions tendered by appellants. They were both calculated to mislead the jury, by asking them to decide matter immaterial to the issues and not warranted by the evidence. Title to these forty-one shares owned by appellants could not pass

in a way which would bind the corporation, except by appellants indorsing and delivering the certificates representing the stock to appellee. In some aspects these instructions seem to submit questions of law for the decision of the jury. This is contrary to precedent. The law is for the court, and the facts for the jury to decide. Whether title to the stock passed is a question of law, to be determined by the court upon facts found by the jury.

There is no error in this record calling for an interference with the judgment of the Superior Court, and it is therefore affirmed.

*Affirmed.*